Howard **MEIDINGER** and Russell Meidinger d/b/a Meidinger Bros., Plaintiffs,

v.

Nathan **BARABAN**, d/b/a Copeland Refrigeration Company and the Nat Corporation, a corporation, Defendants.

Civ. A. No. 14258–4.

United States District Court
W. D. Missouri, W. D.

Feb. 11, 1964.

Slagle & Bernard, by Kent L. Thompson, Kansas City, Mo., Robert A. Reeder, Troy, Kan., for plaintiffs.

Brenner, Wimmell, Ewing & Lockwood, by James Lockwood, Kansas City, Mo., for defendants.

BECKER, District Judge.

In this case a pre-trial order was entered on November 5, 1963, requiring both parties to comply with the following schedule:

1. Serve and file a list of witnesses (except those solely for impeachment) on or before January 22, 1964.

2. Serve and file a list of exhibits (except those solely for impeachment) on or before January 22, 1964.

3. Complete discovery on or before January 16, 1964.

4. Counsel to meet to stipulate uncontroverted facts and waive identification of exhibits, where the identification is not contested on or before January 28, 1964 (later extended to February 11, 1964).

Now counsel for the parties seek approval of a second extension of the time for compliance with paragraph 4 above.

The plaintiff has complied with the provisions of the order listed in paragraphs 1, 2 and 3 above.

■ The defendant has complied with none of the provisions of the order except for an apparent compliance with paragraph 3 above. Defendant's counsel stated, in response to telephone inquiry, that plaintiff's counsel gave him permission for the non-compliance with the order. This is not sufficient excuse. *Counsel do not have the right to grant each other extensions of time for compliance with the pre-trial order.* No stipulation of counsel extending time for compliance with pre-trial orders will be recognized unless approved by the Court.

As the matter now stands the defendant is in default in filing his list of witnesses and exhibits required by the pre-trial order.

■ No sanctions will be invoked because of evident misunderstanding of the nature of the pre-trial order. This will not apply in the future. See 19 Mo.Bar Journal 406 (August 1963).

Under the circumstances the defendant will be granted a final opportunity to file his list of witnesses and exhibits on or before February 20, 1964.

The time for compliance with the provisions of the order relating to conference of counsel to stipulate facts and waive identification of exhibits is extended to March 3, 1964. No further extension will be granted except for extraordinarily good cause. It is so ordered.